IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DEANTE GHOLSTON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No: 5:13-cv-444 (MTT)** |
| | : | |
| Warden **CARL HUMPHREY**, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

**RECOMMENDATION**

Before the Court is the Motion for Preliminary Injunction filed by Plaintiff Deante Gholston in this *pro se* civil rights case filed under 42 U.S.C. § 1983. Doc. 24. In the Motion, Plaintiff requests increased access to legal research materials and the law library at Georgia Diagnostic and Classification Prison in accordance with Bounds v. Smith, 430 U.S. 817 (1977). Id. Plaintiff also requests to be transferred to another facility with an adequate law library. Id. Because Plaintiff fails to satisfy the necessary prerequisites for the issuance of a preliminary injunction, it is **RECOMMENDED** that the Motion for Preliminary Injunction be **DENIED**.

Preliminarily, review of the Court's own records in Plaintiff's two pending *pro se* civil rights cases establishes that Plaintiff has successfully filed myriad pleadings on his behalf in both cases, which indicates that his right of access to the courts is not being impeded by Defendants.[1] Additionally, Plaintiff's reliance on the United States Supreme Court's decision in Bounds v. Smith, 430 U.S. 817 (1977) is misplaced. In Bounds, the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with

---

[1] In addition to the above-styled case, Plaintiff's other pending *pro se* civil rights case filed under 42 U.S.C. § 1983 in the Middle District of Georgia is Gholston v. Humphrey *et al.*, 5:12-cv-97 (MTT).

adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. However, Bounds expressly rejected the notion that unfettered access to specific services and materials was constitutionally necessary in all cases, stating that "a legal access program need not include any particular element we have discussed, and we encourage local experimentation." Id. at 832. Further, in 1996, the United States Supreme Court limited its prior holding in Bounds. See Lewis v. Casey, 518 U.S. 343 (1996). In Lewis, the United States Supreme Court not only concluded that "Bounds did not create an abstract, freestanding right to a law library or legal assistance," but the United States Supreme Court also disclaimed any statements in Bounds that "appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." Id. at 351, 354.

In addition, Plaintiff is not entitled to a preliminary injunction unless he establishes the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations and quotations omitted). Plaintiff's failure to demonstrate a "substantial likelihood of success on the merits" may defeat his claim, regardless of his ability to establish the other prerequisites. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff has not shown a "substantial likelihood of success on the merits" at this time. McDonald's Corp., 147 F.3d at 1306. Insofar as Plaintiff implies that he will succeed on the merits because the unrelated claims set forth in his original complaint survived frivolity review, Plaintiff misunderstands the first prerequisite for obtaining a preliminary injunction. It is well-established in this Circuit that "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009), quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). Although Plaintiff met the minimal requirements necessary to survive frivolity review as required by 28 U.S.C. § 1915A, Plaintiff has not yet presented sufficient proof or objective evidence that the specific actions by Defendants about which Plaintiff complains violated his constitutional rights. Accordingly, Plaintiff has not "clearly established the burden of persuasion" regarding whether there is a substantial likelihood that he ultimately will succeed on the merits in this case. McDonald's Corp., 147 F.3d at 1306.

Plaintiff also has not shown that "irreparable injury will be suffered unless the injunction issues." McDonald's Corp., 147 F.3d at 1306. Although Plaintiff contends that various motions and lawsuits that he has filed will be denied or dismissed absent more robust access to the law library, Plaintiff's conclusory allegations are remote and speculative, rather than actual and imminent. See Siegel, 234 F.3d at 1176-1177 (citations and quotations omitted) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."). In addition, Plaintiff's unsubstantiated allegations about possible denials or dismissals of unspecified motions and lawsuits in the future do not rise to the level of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Church, 30 F.3d at 1337. Consequently,

Plaintiff has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury in the absence of a preliminary injunction. McDonald's Corp., 147 F.3d at 1306.

Finally, insofar as Plaintiff urges the Court to grant him preliminary injunctive relief that would amount to a broad instruction for Defendants to obey the law, Plaintiff's requested relief runs afoul of Rule 65(d) of the Federal Rules of Civil Procedure. Under Rule 65(d), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Requests for injunctive relief must be specific; merely ordering the defendants to obey the law in a preliminary injunction is too broad and too vague to be enforceable. See S.E.C. v. Smyth, 420 F.3d 1225, 1233 (11th Cir. 2005). Therefore, to the extent that Plaintiff's requested relief amounts to a broad instruction that Defendants should obey the law, Plaintiff's request is unenforceable because it does not conform to the specificity requirement of Rule 65(d).

For these reasons, and in light of the deference that courts must afford prison officials in their day-to-day administration of prisons, see generally Preiser v. Rodriquez, 411 U.S. 475, 491–492 (1973), it is hereby **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 24) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 3rd day of April, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

4