**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEANTE GHOLSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:13-CV-444 (MTT)** |
| | ) | |
| **Warden CARL HUMPHREY, _et al.,_** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge
Charles H. Weigle.  (Doc. 91).  The Magistrate Judge recommends granting in part and
denying in part the Defendants' motions to dismiss.  (Docs. 26; 56; 75).  To the extent
the Plaintiff attempts to sue Defendants Warden Humphrey and Deputy Warden Bishop
in their official capacities for monetary damages, the Magistrate Judge recommends
granting the Defendants' motions to dismiss.  The Magistrate Judge recommends
denying the Defendants' motions to dismiss the Plaintiff's failure-to-intervene and
supervisory liability claims.[1]  It is further recommended that the Defendants' motion for
sanctions (Doc. 60) and the Plaintiff's motion for a preliminary injunction (Doc. 82) and
motion for a temporary restraining order (Doc. 86) be denied.  The Defendants have
objected to the Recommendation, and the Plaintiff has responded.  (Docs. 93; 94).
Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Defendants' objection

---

[1] As stated in the Recommendation, the Defendants do not move to dismiss the Plaintiff's excessive force
claims.

and has made a de novo determination of the portions of the Recommendation to which the Defendants object.

In their objection, the Defendants simply "object to the report to the extent that it rejects their arguments that Plaintiff has failed to state a claim and they are entitled to qualified immunity from the claims as alleged by Plaintiff."  (Doc. 93 at 4).  "Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Sherrod v. Johnson,* 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'"[2]  *Edwards v. Shanley,* 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach,* 561 F.3d 1288, 1291 (11th Cir. 2009)).  To meet this burden, a plaintiff must establish that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation."  *Lewis,* 561 F.3d at 1291.  This two-step analysis may be done in whatever order is deemed most appropriate for the case.  *Id.* (citing *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)).

The clearly established law must provide a defendant with "fair warning" that his or her conduct deprived the plaintiff of a constitutional right.  *Hope v. Pelzer,* 536 U.S. 730, 739–41 (2002).  A plaintiff "can demonstrate that the contours of the right were clearly established in several ways."  *Terrell v. Smith,* 668 F.3d 1244, 1255 (11th Cir. 2012).  First, a plaintiff can show that "a materially similar case has already been decided."  *Id.* (internal quotation marks and citations omitted).  Second, a plaintiff can

---

[2] There is no dispute the Defendants were acting within their discretionary authority.

point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." *Id.* (internal quotation marks and citation omitted).  "Finally, the conduct involved in the case may 'so obviously violate[ ] th[e] constitution that prior case law is unnecessary.'" *Id.* (citation omitted).  Clearly established precedent in this Circuit means decisions of the United States Supreme Court, the Eleventh Circuit, and the highest court of the pertinent state.  *McClish v. Nugent,* 483 F.3d 1231, 1237 (11th Cir. 2007).

The Court agrees with the Magistrate Judge that the Plaintiff has sufficiently alleged facts to state a plausible failure-to-intervene claim against Defendants O'Neal, Cooper, McMillian, Kyles, Jackson, Wesley, Mabry, Johnson, Walters, Clubber, Wilkins, and Means for the reasons stated in the Recommendation.  Because the Plaintiff has stated a plausible Eighth Amendment violation against these Defendants, the Plaintiff has met his burden under the first prong of the qualified immunity analysis.  As to the second prong, clearly established law gave these Defendants fair warning that their failure to intervene while in the presence of other officers using excessive force against the Plaintiff violated the Plaintiff's Eighth Amendment rights.  *See Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002) ("'[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for nonfeasance.'" (quoting *Fundiller v. Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985))).  Because the Plaintiff has also met his burden under the second prong, the Defendants are not entitled to qualified immunity as to the failure-to-intervene claim.

With regard to the supervisory liability claim, the Court agrees with the Magistrate Judge that the Plaintiff has sufficiently alleged facts to state a claim against Defendants Humphrey and Bishop.[3]  As stated in the Recommendation, a supervisor can only be held liable if the supervisor participated directly in the unconstitutional conduct or if a causal connection exists between the supervisor's actions and the alleged unconstitutional violations.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The Eleventh Circuit has stated:

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Harrison v. Culliver,* 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting *Cottone,* 326 F.3d at 1360).

Here, the alleged facts, taken as true, support the inference that Humphrey and Bishop knew at least some of the named Defendants would act unlawfully and failed to stop them from doing so.  Humphrey and Bishop had allegedly received notice of prior misconduct by at least some of the Defendants toward the Plaintiff from multiple

---

[3] The Plaintiff alleges the following against Humphrey and Bishop:

> Defendants Humphrey and Bishop were made aware of their staff's misconduct towards plaintiff various of times personally, by officers who witnessed misconduct toward plaintiff and through grievances and complaints of other inmates[, and] also the viewing of video footage of incidents, but they still did not ensure plaintiff would be safe from harm or physical abuse and even authorized and sent some defendants named in this complaint to participate in incidents of force resulting in more physical abuse after plaintiff requested to be protected from those defendants.

(Doc. 1, ¶ 35).

sources, including the Plaintiff himself, reports from other officers, complaints and grievances by other inmates, and video footage of prior incidents.  *See Danley v. Allen*, 540 F.3d 1298, 1315 (11th Cir. 2008) (holding the supervisors liable because they were aware of a pattern of the use of excessive force during particular defendants' shift through numerous complaints and grievances), *overruled in part on other grounds*, *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010); *Kendall v. Sutherland*, 2014 WL 5782533, at *13 (N.D. Ga.) (holding the plaintiff sufficiently alleged the supervisor had knowledge the subordinate would act unlawfully because the plaintiff alleged the supervisor was aware of the subordinate's prior abuse toward the plaintiff through a prior formal grievance).  Then, with the knowledge some Defendants had been the subject of the Plaintiff's prior complaints of alleged misconduct, Humphrey and Bishop allegedly authorized these same Defendants to use force against the Plaintiff, which allegedly resulted in further "physical abuse."[4]  *Cf. Cottone*, 326 F.3d at 1361 ("The amended complaint also does not make any allegations that the supervisors had any knowledge of [the subordinates'] failure to monitor inmates or that [the subordinates] had any past history, or even one prior incident, of failing to monitor inmates or of watching computer games.").  Taking these allegations as true and drawing all reasonable inferences in the Plaintiff's favor, the Plaintiff has sufficiently alleged a causal connection between Humphrey's and Bishop's conduct and the allegedly unlawful conduct of their subordinates.

Because the Plaintiff has sufficiently alleged an Eighth Amendment violation against these Defendants, the Plaintiff has met his burden under the first prong of the

---

[4] In his response to the Defendants' motions to dismiss, the Plaintiff mentions that Bishop authorized force.  (Doc. 70 at 1).  In his complaint, he alleges that both Humphrey and Bishop authorized force. (Doc. 1, ¶ 35).

qualified immunity analysis.  As to the second prong, clearly established law gave these Defendants fair warning that their actions violated the Plaintiff's constitutional rights. "This Court has long recognized that supervisors are liable for the excessive force … of their employees where the supervisors received numerous reports of prior misconduct of that nature by those same employees and did nothing to remedy to the situation." *Danley*, 540 F.3d at 1315.  Because the Plaintiff has also met his burden under the second prong, Humphrey and Bishop are not entitled to qualified immunity as to the supervisory liability claim.

The Court also agrees with the Magistrate Judge that the Defendants' motions to dismiss should be granted in part to the extent the Plaintiff seeks to sue Humphrey and Bishop, or any other Defendant, in their official capacities for monetary damages.  The Court agrees the Defendants' motion for sanctions (Doc. 60) and the Plaintiff's motion for a preliminary injunction (Doc. 82) and motion for a temporary restraining order (Doc. 86) should be denied for the reasons stated in the Recommendation.

The Plaintiff includes a request for a "temporary lawyer to do [a TRO] for [him]" in his motion for a temporary restraining order.  (Doc. 86).  The Court construes this request as a motion to appoint counsel.  Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel."  However, "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988) (stating that decision is within discretion of district court).  Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174.  In exercising its discretion regarding whether to appoint

counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  As stated above, the Plaintiff simply requests a "temporary lawyer to do [a TRO]."  Again, the Court agrees the motion for a temporary restraining order should be denied.  Further, the Plaintiff's claims are neither factually nor legally complex. Accordingly, to the extent the Plaintiff's request can be construed as a motion to appoint counsel, that motion is **DENIED**.

The Court has reviewed the Recommendation, and the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  Thus, the Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Defendants' motions to dismiss are **GRANTED in part and DENIED in part**.  (Docs. 26; 56; 75).  The Defendants' motion for sanctions (Doc. 60) and the Plaintiff's motion for a preliminary injunction (Doc. 82) and motion for a temporary restraining order (Doc. 86) are **DENIED**.

**SO ORDERED**, this 9th day, of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT