IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DEANTE GHOLSTON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 5:13-cv-444 (MTT) |
| | : | |
| Warden **CARL HUMPHREY**, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion for Preliminary Injunction filed by Plaintiff Deante Gholston in this *pro se* civil rights case filed under 42 U.S.C. § 1983. Doc. 133. This is Plaintiff's third such motion. Docs. 24, 82, 133. In the Motion, Plaintiff requests increased access to legal research materials and the law library at Georgia Diagnostic and Classification Prison in accordance with *Bounds v. Smith*, 430 U.S. 817 (1977). *Id*. Plaintiff also requests to be transferred to another facility with an adequate law library. *Id*. Because Plaintiff fails to satisfy the necessary prerequisites for the issuance of a preliminary injunction, it is **RECOMMENDED** that the Motion for Preliminary Injunction be **DENIED**.

Preliminarily, review of the Court's own records in Plaintiff's *pro se* civil rights cases establishes that Plaintiff has successfully filed myriad pleadings on his behalf in both cases, which indicates that his right of access to the courts is not being impeded by Defendants.[1] Additionally, Plaintiff's reliance on the United States Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817 (1977), is misplaced. In *Bounds*, the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the

---

[1] In addition to the above-styled case, Plaintiff's other *pro se* civil rights case filed under 42 U.S.C. § 1983 in the Middle District of Georgia was Gholston v. Humphrey *et al.*, 5:12-cv-97 (MTT). The case was dismissed and judgment was entered on December 11, 2014.

preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, *Bounds* expressly rejected the notion that unfettered access to specific services and materials was constitutionally necessary in all cases, stating that "a legal access program need not include any particular element we have discussed, and we encourage local experimentation." *Id*. at 832. Further, in 1996, the Supreme Court limited its prior holding in *Bounds*. *See Lewis v. Casey*, 518 U.S. 343 (1996). In *Lewis*, the Supreme Court not only concluded that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance," but also disclaimed any statements in *Bounds* that "appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 351, 354.

In addition, Plaintiff is not entitled to a preliminary injunction unless he establishes the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations and quotations omitted). Plaintiff's failure to demonstrate a "substantial likelihood of success on the merits" may defeat his claim, regardless of his ability to establish the other prerequisites. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff has not shown a "substantial likelihood of success on the merits" at this time. *McDonald's Corp.*, 147 F.3d at 1306. Insofar as Plaintiff implies that he will succeed on the merits because "there is likely to be a trial in this case" and "he has a strong chance of winning his case." Plaintiff misunderstands the first prerequisite for obtaining a preliminary injunction. It is well-established in this Circuit that "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009), quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989). Although Plaintiff met the minimal requirements necessary to survive frivolity review as required by 28 U.S.C. § 1915A, Plaintiff has not yet presented sufficient proof or objective evidence that the specific actions by Defendants about which Plaintiff complains violated his constitutional rights. Further, discovery is not yet finished. Accordingly, Plaintiff has not "clearly established the burden of persuasion" regarding whether there is a substantial likelihood that he ultimately will succeed on the merits in this case. *McDonald's Corp.*, 147 F.3d at 1306.

Plaintiff also has not shown that "irreparable injury will be suffered unless the injunction issues." *McDonald's Corp.*, 147 F.3d at 1306. Although Plaintiff contends that various motions and lawsuits that he has filed will be denied or dismissed absent more robust access to the law library, Plaintiff's conclusory allegations are remote and speculative, rather than actual and imminent. *See Siegel*, 234 F.3d at 1176-1177 (citations and quotations omitted) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."). In addition, Plaintiff's unsubstantiated allegations about possible denials or dismissals of unspecified motions and lawsuits in the future do not rise to the level of "a real and immediate—as opposed to a merely

3

conjectural or hypothetical—threat of future injury." *Church*, 30 F.3d at 1337. Consequently, Plaintiff has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury in the absence of a preliminary injunction. *McDonald's Corp.*, 147 F.3d at 1306.

Finally, insofar as Plaintiff urges the Court to grant him preliminary injunctive relief that would amount to a broad instruction for Defendants to obey the law, Plaintiff's requested relief in the form of his proposed order (Doc. 133-2, p. 1) runs afoul of Rule 65(d) of the Federal Rules of Civil Procedure. Under Rule 65(d), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Requests for injunctive relief must be specific; merely ordering the defendants to obey the law in a preliminary injunction is too broad and too vague to be enforceable. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005). Therefore, to the extent that Plaintiff's requested relief amounts to a broad instruction that Defendants should obey the law, Plaintiff's request is unenforceable because it does not conform to the specificity requirement of Rule 65(d).

For these reasons, and in light of the deference that courts must afford prison officials in their day-to-day administration of prisons, *see generally Preiser v. Rodriquez*, 411 U.S. 475, 491–492 (1973), it is hereby **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 133) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other

4

portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 25th day of August, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge