**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEANTE GHOLSTON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No: 5:13-cv-00444 (MTT)** |
| | : | |
| **CARL HUMPHREY,** *et al.*, | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |

## <u>RECOMMENDATION</u>

On May 19, 2016, a Report and Recommendation was issued to deny motions for summary judgment filed by both Plaintiff and Defendants, recommending that certain claims against fourteen of the Defendants in this case proceed to trial. Doc. 168. That Recommendation is currently pending for review by the District Judge.

A careful review of the docket reveals that nearly three years into the litigation of this case, one defendant, Officer McMillian, remains unserved by the Court. Despite the Court's efforts to locate McMillian and effect service, his current whereabouts are unknown. The record indicates that Plaintiff has not made further efforts to determine his address or facilitate service.

In accordance with the analysis below, it is **RECOMMENDED** that Plaintiff's claims against Officer McMillian be **DISMISSED**, for failure to serve Officer McMillian pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and for failure to prosecute pursuant to Rule 41(b).

### <u>Efforts to Serve Defendant McMillian</u>

Plaintiff filed his complaint on November 22, 2013. Doc. 1.  The Court granted Plaintiff's Motion to proceed *in forma pauperis*, and directed the United States Marshals Service ("USMS")

to serve eighteen Defendants with Plaintiff's complaint. Doc. 7; Doc. 13. On February 5, 2014, the USMS complied with the Court's order, and mailed requests for waiver of service to each Defendant, including Officer McMillian, to Georgia Diagnostic and Classification Prison. Doc. 14-17. Three of the requests – to Defendants Octavius Walker, Burt Means, and Evan Williams – were returned undelivered because the defendants no longer worked at GDCP. Doc. 17. There is no entry on the docket showing a return of the waiver by Defendant McMillian. A footnote in a Motion to Dismiss filed by fourteen of the named Defendants stated that McMillian "no longer works for the Georgia Department of Corrections, the Office of the Attorney General has been unable to contact him, he has not requested representation, from the Attorney General, and it does not appear that he has been properly served." Doc. 27-1, p. 1.  Following the filing of the Motion to Dismiss, the Court entered an order staying discovery in the case, with the limited exception of determining the current mailing addresses of the remaining Defendants, including Officer McMillian. Doc. 29.

On April 10, 2014, the Court issued an order regarding service, and directed Plaintiff to provide the Court with additional information about the current mailing addresses for each of the unserved Defendants. Doc. 30. With respect to Officer McMillian, the Court made a specific mention:

> According to legal counsel for the remaining Defendants, Defendant McMillian no longer works for the Georgia Department of Corrections, the Office of the Attorney General has been unable to contact him, he has not requested representation from the Attorney General, and it does not appear that he has been properly served.

Doc. 30, p. 1. Plaintiff was specifically warned that if he "wishes to pursue his claims against these Defendants," he would comply with the Court's Order. *Id*. Plaintiff responded to the Court's order with a request for counsel, who—among other things—"would be able to locate unserved Defendants." Doc. 33, p. 1. In an objection to a denial of his temporary restraining

order, Plaintiff also attached his "First Set of Interrogatories," of which the sole request was to "locate and state the address of defendants, Desmond Jackson, Burt Means, Octavius Walker, Evan Williams, and Keith McMillian." Doc. 35-2.

In compliance with the Court's order and Plaintiff's interrogatory, the Attorney General of the State of Georgia provided the last known addresses of the unserved Defendants on file with the Georgia Department of Corrections. Doc. 38. The Court directed service again, and updated requests for waiver of service were mailed as to each Defendant, including one to Officer McMillian at his last known address. Doc. 42. Officer McMillian failed to waive service within the sixty days, and on July 3, 2014, the USMS attempted personal service on Officer McMillian. Doc. 62. The USMS for the Northern District of Georgia attempted to serve Officer McMillian on July 17, 2014, at the address provided by the Georgia Department of Corrections. The Marshal was informed that McMillian no longer lived at the provided address, and was only a tenant at the address for a short time. Doc. 72. On the same day, Plaintiff's filed an application for the Clerk to Enter Default as to McMillian and Walker. Doc. 71. The Clerk could not enter default as the two Defendants had yet to be served.[1] The record reflects this is last action Plaintiff took regarding the service of Officer McMillian.

On October 17, 2014, Plaintiff filed a Motion for Service of Defendant Walker (Doc. 89), who, by that date, was the only other Defendant who had not yet been served. Plaintiff noted in the Motion that he had reviewed the docket, and discovered the unexecuted service of process for Defendant Walker. Doc. 89. Plaintiff made no mention regarding the service of Officer McMillian, which had also been noted as unexecuted in an entry immediately before Walker's. *Id.* On October 22, 2014, a Report and Recommendation was entered, and the Court mentioned

---

[1] Pursuant to Federal Rule of Civil Procedure 55(a), the clerk of court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *Id.* The mailing of a request for waiver of service does not in itself constitute service of process under Rule 4.

that neither Officer Walker nor Officer McMillian had been served. Doc. 91, p. 1. Plaintiff made

no mention of the failure to serve the two Defendants in his response. Doc. 94. The Marshals

Service was able to determine that Walker was incarcerated in the state of Idaho, and on July 20,

2015, the USMS of Boise, Idaho personally served Officer Walker with a copy of Plaintiff's

Complaint, pursuant to Plaintiff's October 17, 2014, Motion. Doc. 127. Plaintiff promptly filed

an application for Entry of Default against Officer Walker on August 4, 2015, which was

declined by the Clerk's office on August 12, 2015, as Officer Walker filed a timely Answer. See

Doc. 129. Plaintiff still made no mention as to the service of Officer McMillian.

Service of Process for an <em>In Forma Pauperis</em> Plaintiff: Rule 4 and the PLRA

Service of Process is governed by Federal Rule of Civil Procedure 4. Specifically, Rule

4(m) provides that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

Generally, "the plaintiff is responsible for having the summons and complaint served" in

civil cases. Fed. R. Civ. P. 4(c)(1). However, when a Plaintiff proceeds *in forma pauperis*

pursuant to 28 U.S.C. § 1915, he is entitled to rely on the Court to effect service. "*In forma*

*pauperis* litigants should be entitled to rely on the court officers and United States Marshals to

effect proper service, and should not be penalized for failure to effect service where such failure

is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990);

see also Fed. R. Civ. P. 4(c)(3).

In cases governed by 28 U.S.C. § 1915, both parties have specific duties with regard to

service. *In forma pauperis* litigants such as Plaintiff may not remain silent and do nothing to help

4

effectuate service of process. *Fowler*, 899 F.2d at 1095. At a minimum, *in forma pauperis* litigants should request service upon the appropriate defendants and attempt to remedy any apparent service defects of which he has knowledge. *Id*. Additionally, Defendants have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).

<u>Dismissal of Plaintiff's Claims against Officer McMillian</u>

As noted above, Federal Rule of Civil Procedure 4(m) authorizes a district court to dismiss an action, after notice to the plaintiff, when "a defendant is not served within 90 days after the complaint" is filed, and the failure is not supported by good cause. Fed.R.Civ.P. (4)(m). It is obvious that Officer McMillian has not been served with the complaint within ninety days of the date of filing; and there is no good cause for the failure of service.

Good cause may be shown for purposes of a dismissal "pursuant to Rule 4(m) when a United States Marshal has failed to properly serve process through no fault of the plaintiff." *Rance v. Rocksolid Granit USA, Inc*., 583 F.3d 1284, 1287 (11th Cir. 2009). Good cause also exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation and alteration omitted). Neither instance applies in this case.

The Court and United States Marshals Service have fulfilled their obligations to serve Plaintiff's complaint as provided in 28 U.S.C. § 1915. The Eleventh Circuit specifically addressed the roles of the Clerk and the Marshals in *Fowler v. Jones*, against the backdrop of a district court's denial of a motion for a continuance at trial, when a pro se plaintiff realized that only one defendant had been served. 899 F.2d 1088, 1094 (11th Cir. 1990). The district court denied the request for a continuance, and Fowler appealed.

The Eleventh Circuit reversed, recognizing that an *in forma pauperis* plaintiff is entitled to rely upon service by the United States Marshal. *Id.* at 1095. The Court looked to three cases from the Second, Fifth, and Ninth circuits in making this determination, and focused heavily on *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987), which held that an *in forma pauperis* litigant should not be penalized where the failure to serve is through no fault of the litigant's. *Id.* The Court also noted that *Rochon* "uph[eld] the district court's dismissal for failure to prosecute because of 'inaction and dilatoriness' on the part of the plaintiff." *Fowler*, 899 F.2d at 1095; *Rochon*, 828 F.2d at 1110. In *Rochon*:

> the trial court had issued an order in which it specifically noted that the individual defendant, Dr. Dawson, had not been served. Despite this notation in the court's order, which was sent to the plaintiff, the plaintiff never requested that Dr. Dawson be served. Moreover, the plaintiff appeared not to have provided a correct address for the defendant. The Fifth Circuit held that while incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.

*Fowler*, 899 F.2d at 1095.

The situation faced by the Court in this case mirror the facts in *Rochon*, as summarized by the Eleventh Circuit. Plaintiff was notified that Officer McMillian had not been served on at least five separate occasions, over the course of six months:

1. Defendants' Motion to Dismiss, April 7, 2014 (Doc. 26-1, p. 1, n.1);
2. Order Regarding Service, April 10, 2014 (Doc. 30);
3. Order Directing Service, April 28, 2014 (Doc. 40);
4. Defendant Means' Motion to Dismiss, July 25, 2014, (Doc. 75-1, p. 1, n. 1); and
5. Report and Recommendation, October 22, 2014 (Doc. 90, p. 1, n.1).

Plaintiff was never able to provide the Court with Officer McMillian's address, and never requested Officer McMillian be served, just as the plaintiff in *Rochon*, did.

The Court's conduct also aligns with *Richardson v. Johnson*, where the Eleventh Circuit remanded a case following a dismissal for failure of a pro se litigant to provide an address. 598 F. 3d 734 (11th Cir. 2010). The Circuit Court recognized: "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Id.* at 739-40. Instead, the Court and United States Marshals Service must use "reasonable effort" to locate the Defendant. *Id.*

The Court used reasonable efforts in this case to locate Officer McMillian. After Plaintiff failed to obtain the address of Officer McMillian, employment records of the Georgia Department of Corrections were filed under seal, pursuant to a Court order, and used to determine Officer McMillian's last known address. Doc. 30. The USMS attempted personal service at Officer McMillian's last known address, which was also incorrect. United States Marshals from the Northern District of Georgia were informed that McMillian no longer lived at the provided address, and was only a tenant at the address for a short time. Doc. 72. The unexecuted process receipt and return was mailed to Plaintiff. Plaintiff made no further motion regarding the service of Officer McMillian, despite having notice of the failure to personally serve the McMillian. Thus reasonable service was made to locate Officer McMillian, and the fault in failing to serve Plaintiff's complaint does not lie with the Court or the USMS.

Instead, inadvertence, negligence, or abandonment, prevented proper service of process of Officer McMillian. C.f. *Lepone–Dempsey*, 476 F.3d at 1281 (recognizing that inadvertence or negligence will not support a finding of good cause). Plaintiff indicated several times he was apprised of the docket, and he was sent a copy of the docket no less than eleven times. See Docs. 6, 10, 48, 69, 77, 88, 117, 126, 128, 141, 167. And although he filed a Motion to Serve Officer Walker, Plaintiff never filed a similar request for Officer McMillian, even though the notations

regarding the two Officers were entered a day apart, and were side-by-side on the docket sheets he reviewed. See Doc. 89. The Court gave Plaintiff notice of its inability to serve Officer McMillian on April 10, 2014 (Doc. 30), and Plaintiff indicated that as of October 17, 2014, he had reviewed the docket, and wished to pursue service of Defendant Walker, but made no mention of Officer McMillian. Doc. 89. Plaintiff was again notified in a Report and Recommendation on October 22, 2014, that neither Officer Walker, nor Officer McMillian had been served. Doc. 91, p. 1. Plaintiff again only pursued service of Officer Walker. As of the date of this Order, the address and whereabouts of Officer McMillian remain unknown. Good cause does not exist in this case, and Plaintiff's claims against Officer McMillian may be dismissed for failure to effect service of his complaint.

Further, no information has been submitted to the Court, and Plaintiff has not made any inquiries into the service of Officer McMillian, in almost two years. This conduct amounts not only to inadvertence or negligence, but points to a failure to prosecute his case.

The Court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991)). This authority includes the power to dismiss a case for failure to prosecute. *Id.* (*citing* Fed.R.Civ.P. 41(b)); *see also Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute...."). Plaintiff's negligence or willful disregard is precisely the type of conduct proscribed by the Federal Rules, and his claims could be dismissed for that reason.

If dismissed under Rule 4(m), Plaintiff's claims would provide for dismissal without prejudice. Under Rule 41(b), the Court may choose whether to dismiss Plaintiff's claims with, or

without prejudice. The reality is, whichever dismissal the court chooses, the applicable two year statute of limitations will bar Plaintiff from refiling this claim, as the alleged misconduct by Officer McMillian occurred in 2012. See *Owens v. Okure*, 488 U.S. 235, 236 (1989); O.C.G.A. § 9-3-33 (2015) (State of Georgia has a two-year statute of limitations on Section 1983 claims). Therefore, the dismissal is, in effect, with prejudice. See *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).

In such a situation, the Eleventh Circuit suggests that the Court warn Plaintiff that his failure to pursue service of Officer McMillian will result in dismissal of his claim, and the statute of limitations would bar him from refiling. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (dismissal with prejudice not an abuse of discretion when court gave plaintiff one chance to amend and told him "the deficiency in the complaint and how it could be remedied"). Plaintiff has already been given multiple opportunities to supplement his complaint with Defendant's correct address and he either: failed to comply, could not find the information, or simply did not care. Therefore, dismissal is appropriate. *Friedlander*, 755 F.2d at 813; *Brown v. CBOCS, Inc.*, 2012 WL 2127752 (M. D. Fla. 2012) (finding plaintiff allowed three opportunities to state allegations sufficient to state a claim, any further amendments would be futile, dismissal with prejudice appropriate).

Since Plaintiff has been given several chances to comply and the Court previously warned that failing to serve a Defendant would result in the dismissal of his case (Doc. 30), and Plaintiff's claims will be barred by the Statute of Limitations if he chose to refile the suit, Plaintiff's claims against Officer McMillian should be dismissed with prejudice. *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir 2005) (A district court has

authority to dismiss a case with prejudice based on two possible sources authority:  Rule 41(b) and the court's inherent power to manage its docket.).

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against Officer McMillian be **DISMISSED**, for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and for failure to prosecute pursuant to Rule 41(b). Plaintiff is also advised that dismissal of his claims will operate as a dismissal with prejudice, because the statute of limitations for filing a Section 1983 action regarding the underlying events of his complaint has run.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED**, this 8th day of July, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge