IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEANTE GHOLSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-444 (MTT) |
| ) | |
| Warden CARL HUMPHREY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that the Court (1) grant the Defendants' motion for summary judgment as to the supervisory liability claims and requests for injunctive relief against Deputy Warden June Bishop and Warden Carl Humphrey; (2) deny the Defendants' motion for summary judgment with respect to the Plaintiff's requests for compensatory and punitive damages and the failure to intervene claims against Lieutenant Michael Kyles, Sergeant Willie Cooper, Officer Cyrus O'Neal, Sergeant Desmond Jackson, Sergeant Tracy Wesley, Sergeant Jacinta Johnson, Officer Lana Mabry, Officer Derek Clupper, CERT Officer Burt Means, Sergeant John Wilkins, and Lieutenant Leighton Walters; (3) deny the Plaintiff's motion for summary judgment; and (4) grant Defendant Octavius Walker's motion for summary judgment. (Doc. 168).

The Defendants have objected to the recommendation to deny summary judgment as to the failure-to-intervene claims. (Doc. 169). The Plaintiff has responded

to this objection, does not object to the Magistrate Judge's Recommendation, and has stated that this case should proceed to trial. (Doc. 170). The Court has conducted a de novo review of the portions of the Recommendation to which the Defendants object.

With respect to the failure to intervene claims, the Magistrate Judge concluded that "[s]ummary judgment is not proper … because neither the Plaintiff nor the Defendants have established as a matter of law that the force used on Plaintiff during all three incidents was or was not excessive." (Doc. 168 at 27). In their objection, the Defendants contend that "[t]he Magistrate Judge failed to consider [their] argument that they were either not present or that they were not in a position to intervene." (Doc. 169 at 5). The Court now considers their arguments.

"Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence." *Terry v. Bailey*, 376 F. App'x 894, 896 (11th Cir. 2010). However, it is well-settled that a defendant cannot be held liable for failing to intervene if she was not in a position to intervene and otherwise had no reasonable opportunity to do so. *Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Riley v. Newton*, 94 F.3d 632, 635 (11th Cir. 1996); *Marantes v. Miami-Dade Cty.*, __F. App'x__, 2016 WL 1696838, at *6 (11th Cir. 2016); *Williams v. Scott*, 433 F. App'x 801, 805 (11th Cir. 2011); *see also Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.27 (11th Cir. 2003).

As explained in the Recommendation, this case involves some Defendants' alleged use of excessive force on February 3, 2012, February 22, 2012, and December 5, 2012, and other Defendants' alleged failure to intervene during these incidents. The Defendants do not move for summary judgment on the excessive force claims. As to

the failure to intervene claims, they make a *very* weak attempt to carry their burden at summary judgment by only providing bare declarations or interrogatories by each Defendant alleged to have failed to intervene.  Otherwise, the Defendants rely on the purported absence of evidence.[1]

Regarding the February 3, 2012 incident, the Plaintiff contends Cooper, Kyles, and O'Neal failed to intervene when Officer Demetrius Hill used excessive force against him.[2]  To satisfy their summary judgment burden, Kyles and Cooper stated in their declarations that they did not observe any officer use force on the Plaintiff, and O'Neal stated in his answer to the Plaintiff's interrogatory that he did not see Hill slamming the Plaintiff's head onto the ground.  (Docs. 161-12 ¶ 6; 161-13 at 6-7; 161-15 ¶ 6).  However, these general statements do not preclude the genuine issue of fact created by other evidence.

Specifically, the Plaintiff testified that Cooper and O'Neal were present as Hill repeatedly slammed the Plaintiff's head onto the ground and punched him, while Kyles held the Plaintiff down.  (Docs. 161-20 at 58:20-21, 62:1-13; 161-21 at 8:14-9:19).  The Plaintiff explained that before Hill started punching and kicking him, Cooper, Kyles, and O'Neal "got [him] to the ground."  (Doc. 161-21 at 74:2-8).  Cooper even stated in his declaration that he assisted placing the Plaintiff into restraints during the incident.  (Doc. 161-12 ¶ 5).  The Plaintiff also testified that he could see Kyles "from [his] periphery"

---

[1] The Court incorporates by reference the motion for summary judgment standard articulated by the Magistrate Judge in the Report and Recommendation.  (Doc. 168 at 2).

[2] The Plaintiff also testified that Defendant Officer McMillian was present in this incident.  The Magistrate Judge has recommended that the claims against Officer McMillian be dismissed with prejudice for failure to serve.  (Doc. 172).  The Magistrate Judge noted that dismissal would be with prejudice because the statute of limitations would bar the Plaintiff from refiling his claim.  (*Id.* at 10).  The Plaintiff expressly does not object to this recommendation.  (Doc. 174).  Accordingly, the Court accepts and adopts the findings, reasoning, and conclusions of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  The claims against Officer McMillian are **DISMISSED with prejudice**.

and recognized Cooper and O'Neal and that they lifted him off the ground when the incident was over.  (Doc. 161-21 at 10:1-11:13).  Further, inmate Robert Watkins stated in a declaration that he saw Cooper and O'Neal help place the Plaintiff in handcuffs before Hill "began slamming Gholston's head onto the concrete ground."  (Doc. 96-2 at 3).  From this evidence, if believed, a reasonable jury could find that Kyles, Cooper, and O'Neal observed the alleged use of excessive force and were in a position to intervene but failed to do so.

Regarding the February 22, 2012 incident, the Plaintiff contends that Jackson, Wesley, Johnson, Mabry, and Walters failed to intervene when Officer Alexander Daniels, Officer Octavius Walker, and Sergeant Andrew Russo allegedly used excessive force against him.[3]  In their attempt to satisfy their summary judgment burden, Wesley and Johnson do not even declare that they were not present or not in a position to intervene; rather, they simply state that "at no time did [they] observe any officer use any amount of force other than that which was necessary to protect the officers and safely extract inmate Gholston."  (Docs. 161-16 ¶ 9; 161-18 ¶ 8).  These statements regard the issue whether the underlying force was excessive, not whether they were present and had an opportunity to intervene.  Thus, this evidence is clearly insufficient to show there is no genuine issue of fact that they did not have an opportunity to intervene.

Defendant Desmond Jackson simply stated that while he assisted in the cell extraction and in taking the Plaintiff to the ground, "[a]t no time did [he] observe Officer

---

[3] The Plaintiff also testified that Officers Mabry and Walters were present.  The Court discusses the claims against Mabry and Walters below.

Daniels or Russo punch or kick … Gholston." (Doc. 161-17 ¶¶ 3-5). However, this scant evidence does not preclude the genuine issue of fact created by other evidence. Specifically, the Plaintiff testified that Wesley, Jackson, and Johnson were present but failed to intervene when Daniels, Walker, and Russo punched and kicked him and when Russo grabbed and squeezed his testicles, struck him in the head with handcuffs, and slammed him into the ground. (Doc. 161-21 at 50:1-9, 52:24-53:14, 54:3-4, 62:21-63:9). There is also a video of this incident showing officers surrounding the Plaintiff during the alleged excessive force. (Doc. 142-7). This evidence demonstrates a genuine issue of fact regarding whether Wesley, Jackson, and Johnson observed the alleged excessive force and were in a position to intervene but failed to do so, and thus, summary judgment is inappropriate as to the failure to intervene claims against them.

However, Mabry stated in her declaration that she "was not part of the extraction team assembled … to remove [the Plaintiff] from his cell on February 22, 2012, nor was [she] present during the extraction of [the Plaintiff]." (Doc. 161-10 ¶ 6). The video (with audio) likewise does not show that she was present. (Doc. 142-7). The Plaintiff insisted in his deposition that Mabry was present and operated a third camera. (Docs. 161-21 at 39:15-17, 48:17-23; 161-22 at 10:10-13). He acknowledged that Mabry was not present in the video but stated that the video must have been tampered with and that Mabry must have "escape[d]" the camera. (Doc. 161-21 at 43:7-10, 50:15-25).

The Plaintiff's speculation that the video was tampered with is insufficient to overcome clear video evidence that Mabry was not present during the February 22 incident. While the Plaintiff testified that he saw Mabry standing beside Johnson, who operated the camera for the video at issue, at one point, the video actually shows

Officer Davis, who operated the other camera, move next to Johnson. (Docs. 142-7 at 3:19-3:30; 161-21 at 43:2-5). Further, it is evident from the opening sequence of the video, when the individuals on the extraction team introduced themselves, that Mabry was not part of the team and that only two cameras were used—neither of which were operated by Mabry. (Doc. 142-7 at 00:15-1:43). Therefore, based on this clear video evidence, Mabry is entitled to summary judgment because no reasonable jury could conclude that Mabry was present and in a position to intervene.[4] *Cf. Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) (stating that "[w]here the video obviously contradicts Plaintiff's version of the facts, we accept the video's depiction instead of Plaintiff's account," but the party's version will be credited when "the video is ... not obviously contradictory because it fails to convey spoken words or tone and because it sometimes fails to provide an unobstructed view of the events"); *Logan v. Smith*, 439 F. App'x 798, 801 (11th Cir. 2011) ("[T]his Court will accept the video's depiction over the opposing party's account of the facts where the video obviously contradicts that version of the facts. … [But] the record evidence does not flatly contradict [the plaintiff's] allegations and, therefore, his version of the events cannot be discounted—nor the defendants' version credited—at this point in the litigation.").

---

[4] In his response to the Defendants' motion for summary judgment, the Plaintiff relies in part on the Defendants' motion to dismiss to support his argument that Mabry was present. (Doc. 164-1 at 6). There, the Defendants stated that Mabry was assigned to operate a video camera. (Doc. 26-1 at 7). The Plaintiff's reliance on this statement is unavailing, however, because the Defendants made their argument in their motion to dismiss at a stage in the litigation where they are required to accept as true his allegation that Mabry was present. The Defendants were not conceding this allegation as true for purposes of summary judgment. Indeed, in addition to her declaration, Mabry expressly denied in her response to the Plaintiff's interrogatory that she was present for the February 22 incident. (Doc. 142-9 at 5-6).

With respect to Walters, the Plaintiff has stated that he should not be held liable for failing to intervene. (Doc. 170 at 4). Accordingly, summary judgment is appropriate as to the failure to intervene claim against him.

Regarding the December 5, 2012 incident, the Plaintiff contends Clupper, Wilkins, and Means failed to intervene when Kyles, Russo, and Williams used excessive force against him. Clupper, like Wesley and Johnson, simply stated in a declaration that "at no time did [he] observe any officer use any amount of force other than that which was necessary to protect the officers and safely extract inmate Gholston." (Doc. 161-11 ¶ 5). Means said in a witness statement that he saw the Plaintiff "being handcuffed" and that [o]nce in handcuffs [the Plaintiff] became combative and was placed on the ground to control [the Plaintiff's] movement." (Doc. 161-6 at 18). Again, this evidence is insufficient to carry their burden at summary judgment because their statements only regard the issue whether the underlying force they observed was excessive, and the evidence is in dispute in that regard, not whether they were present and had an opportunity to intervene.

Wilkins stated in his declaration that he captured the video on camera and did not "observe any officer use any amount of force on [the Plaintiff]." (Doc. 161-19 ¶¶ 5-6). However, Wilkins's declaration does not preclude the genuine issue of fact created by other evidence. Specifically, the Plaintiff testified that while Kyles, Russo, and Williams beat him in his cell, Wilkins and Means entered his cell and then left when they saw the Plaintiff being beaten, and other inmates told him that Clupper and Means were present. (Doc. 161-22 at 34:23-35:20). There is also a video of this incident from which a reasonable jury could conclude that the Defendants observed the alleged use of

excessive force but failed to intervene. (Doc. 142-11). A reasonable jury could find from this evidence that Clupper, Means, and Wilkins observed the alleged excessive force and were in a position to intervene but failed to do so, and thus, summary judgment is inappropriate as to the failure to intervene claims against them.

There is no objection to the Magistrate Judge's recommendation to (1) grant Walker's motion for summary judgment, (2) grant Bishop's and Humphrey's motion for summary judgment as to the requests for injunctive relief and supervisory liability claims, (3) deny the Defendants' motion for summary judgment with respect to the Plaintiff's request for compensatory and punitive damages; and (4) deny the Plaintiff's motion for summary judgment. The Court has reviewed these recommendations and accepts and adopts the findings, reasoning, and conclusions of the Magistrate Judge.[5]

For the foregoing reasons, the Recommendation is **ADOPTED in part** by this order. Defendant Walker's motion for summary judgment is **GRANTED**. (Doc. 162). Accordingly, the claims against Walker are **DISMISSED with prejudice**. The Defendants' motion for summary judgment is **GRANTED** as to the Plaintiff's requests for injunctive relief and claims against Bishop and Humphrey and the Plaintiff's failure to intervene claims against Walters and Mabry. (Doc. 161). Accordingly, the claims against Bishop, Humphrey, Walters, and Mabry are **DISMISSED with prejudice**.

The Defendants' motion for summary judgment is **DENIED** as to the failure to intervene claims against Kyles, Cooper, O'Neal, Jackson, Wesley, Johnson, Clupper, Means, and Wilkins. (Doc. 161). The Plaintiff's motion for summary judgment is also **DENIED**. (Doc. 142).

---

[5] For the reasons stated in the Recommendation, the Court also agrees that as to those Defendants where there exists a genuine issue of fact whether they failed to intervene, they are not entitled to qualified immunity. (Doc. 168 at 26).

The Recommendation to dismiss with prejudice the claims against Officer McMillian for failure to serve is **ADOPTED** and made the order of the Court.  (Doc. 172).  Accordingly, the claims against Officer McMillian are **DISMISSED with prejudice**.

**SO ORDERED**, this 25th day of August, 2016.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL
                                          UNITED STATES DISTRICT COURT